City of Fayetteville v. E & J Investments, Inc.

---

CITY OF FAYETTEVILLE, APPELLEE v. E & J INVESTMENTS, INC., APPELLANT

No. 8712SC1152

(Filed 17 May 1988)

**Injunctions § 13.4— temporary injunction banning topless dancing—no irreparable harm to defendant's business—appeal dismissed**

Defendant's appeal from a preliminary injunction enjoining defendant from conducting topless dancing at its place of business was dismissed as interlocutory, since preservation of the status quo pending final judgment would not cause defendant irreparable harm in that it could continue to operate its business within the bounds of the law pending final judgment.

APPEAL by defendant from *Ellis, B. Craig, Judge*. Order entered 14 September 1987 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 7 April 1988.

Plaintiff filed this action on 9 February 1987 seeking a permanent prohibitory injunction and an order of abatement com-

manding defendant to discontinue topless dancing at 469 and 475 Hay Street in Fayetteville. Subsequently, on 4 September 1987, plaintiff filed a motion for a temporary restraining order seeking immediate restraint of topless dancing at 471-473 Hay Street, which motion was allowed the same day. Plaintiff simultaneously filed on 4 September a motion for preliminary injunction, seeking to enjoin defendant from conducting topless dancing at 471-473 Hay Street pending disposition of the suit for permanent relief. On 14 September 1987 the trial court granted the preliminary injunction sought, and defendant appealed.

*Robert C. Cogswell, Jr., City Attorney for the City of Fayetteville; and Bailey & Dixon, by Alan J. Miles and John N. Fountain, for plaintiff-appellee.*

*Harris, Sweeny & Mitchell, by Ronnie M. Mitchell, Charles E. Sweeny, Jr. and Edwin L. Harris, III, for defendant-appellant.*

WELLS, Judge.

Defendant-appellant operates "Rick's Lounge," located at 469-475 Hay Street in Fayetteville. The lounge, which originally occupied only 471-473 Hay Street, commenced offering topless dancing in 1968. In March of 1979, the City of Fayetteville amended its zoning ordinance to prohibit topless dancing in the central business district, where "Rick's Lounge" is located; however, defendant was permitted to continue to offer topless dancing as a valid nonconforming use under the Fayetteville City Code until August 1986.

Sometime prior to May 1982, defendant acquired a lease to the adjoining properties of 469 and 475 Hay Street and expanded its lounge into the new premises. Plaintiff subsequently informed defendant that topless dancing would not be allowed in the new lounge areas because such expansion of a nonconforming use is prohibited by the Fayetteville City Code. In August 1986, a fire destroyed over 50% of the building at 471-473 Hay Street, as determined by the city building inspector. The Fayetteville City Code provides that when a building containing a nonconforming use is destroyed by more than 50% of its value, the nonconforming use may not resume. Consequently, prior to issuing permits to rebuild at 471-473 Hay Street, city officials apprised defendant that topless dancing could not recommence at those premises. The

City alleges in its complaint that in November 1986 members of the Fayetteville Police Department observed topless dancing at 469 and 475 Hay Street in violation of the City Code. In August 1987 defendant resumed topless dancing at the rebuilt 471-473 premises, prompting the plaintiff to seek the temporary relief challenged in this appeal.

Plaintiff contends that defendant's appeal should be dismissed as interlocutory. We agree. It is settled in our case law that a preliminary injunction is interlocutory and nonappealable unless it deprives the party enjoined of a substantial right which might be lost should the order escape review before final judgment. *State v. School*, 299 N.C. 351, 261 S.E. 2d 908, *appeal dismissed*, 449 U.S. 807, 101 S.Ct. 55, 66 L.Ed. 2d 11 (1980). Preliminary injunctions are by definition interlocutory, since they do not dispose fully and finally of the action. The question, therefore, is whether in the present case preservation of the *status quo* pending final judgment will cause defendant irreparable harm. Upon careful review of the record and briefs, we conclude that it will not.

As plaintiff points out in its brief, the preliminary injunction in this case merely enjoins defendant from violating, by offering topless dancing at the 471-473 Hay Street premises, Section 32-10 of the Fayetteville City Code, as plaintiff plausibly construes that code section. The injunction does not affect those areas of defendant's lounge located at 469 and 475 Hay Street. Nor does the injunction prohibit defendant from operating a lounge serving alcoholic beverages at 471-473 Hay Street, or from offering dancing there, so long as it is not topless dancing. Defendant may continue to operate its business within the bounds of the law pending final judgment. If defendant is eager for an expeditious vindication of any right, privilege, or defense, it should seek a speedy determination on the merits.

Appeal dismissed.

Judges PARKER and ORR concur.