CONSOLIDATED TEXTILES, INC. Plaintiff-Appellant/Appellee v. RICHARD C. SPRAGUE, Defendant-Appellant/Appellee

No. 9426SC180

(Filed 15 November 1994)

**Appeal and Error § 108 (NCI4th)— breach of covenant not to compete—preliminary injunction—no substantial right affected—appeal dismissed**

In an action for breach of covenant not to compete, defendant's appeal from the trial court's preliminary injunction preventing defendant from calling on plaintiff's customers and from divulging plaintiff's trade secrets was interlocutory and did not affect a substantial right where defendant was not prevented from earning a living or practicing his livelihood.

**Am Jur 2d, Appeal and Error §§ 47 et seq.**

**Appealability of order granting, extending, or refusing to dissolve temporary restraining order. 19 ALR3d 403.**

Appeal by defendant from order entered 12 November 1993 by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 October 1994.

Consolidated Textiles, Incorporated (Contex) buys synthetic fiber products, including off quality, excess, and regular quality, from fiber manufacturers and sells them to users in North America. The fiber products business is very competitive and developing a customer's needs is very time consuming and involves presenting numerous samples. This process of matching customer needs and products,

which Contex contends is a trade secret, is the crux of Contex's competitive edge over other potential sellers.

Contex uses a small number of trained and experienced sales employees to sell its product. Those employees are Contex's representatives and are the key to customer relations. Each sales employee has access to confidential information about all of Contex's business and trade secrets. Richard Sprague began working as a sales employee for Contex in August of 1990 and continued until he resigned in September of 1993. In his employment agreement, he agreed not to divulge trade secrets during or after his employment. He also agreed that he would not compete against Contex for three years following termination.

Contex filed suit against Sprague in November of 1993, alleging that Sprague expressed displeasure with the terms of his employment agreement and sought work with competitors. Sprague resigned and took a job with Stein, a major competitor of Contex. Contex alleged that while there he called on several of his former Contex customers and made efforts to transfer them to Stein. Contex also alleged that Sprague disclosed its trade secrets to Stein. More specifically, Contex alleged that Sprague violated the Whole Time and Best Efforts, Trade Secret, and Restrictive Covenant provisions of his employment agreement, causing it irreparable business harm.

Contex moved under the Trade Secrets Protection Act for a temporary restraining order and both a preliminary and permanent injunction to prevent Sprague from further violating the non-competition portion of the agreement, and to prevent further disclosure of its trade secrets. The trial court allowed the temporary restraining order and, several weeks later, granted Contex's preliminary injunction. In doing so, the court concluded that "[t]here is a substantially [sic] likelihood that defendant has or will breach the terms of the restrictive covenant in the parties' employment contract by calling on Contex's customers on behalf of Contex's competitor."

From this order, both parties appeal.

*Smith Helms Mulliss & Moore, L.L.P., by Peter J. Covington and Irving M. Brenner, for plaintiff appellee.*

*Casstevens, Hanner, Gunter & Gordon, P.A., by Nelson M. Casstevens, Jr., and Teresa L. Conrad, for defendant appellant.*

ARNOLD, Chief Judge.

Contex has filed a motion to dismiss defendant's appeal as interlocutory, and argues that a substantial right is not affected by the injunction because Sprague continues to work as a salesman for Stein. For the reasons stated below, the motion is allowed.

"No appeal lies from a trial court's grant of an interlocutory preliminary injunction unless the defendant would be deprived of a substantial right which he would lose absent a review prior to final determination." *Triangle Leasing Co. v. McMahon*, 96 N.C. App. 140, 146, 385 S.E.2d 360, 363 (1989), *aff'd in part, rev'd in part*, 327 N.C. 224, 393 S.E.2d 854 (1990). A substantial right is affected by the entry of a preliminary injunction if it prevents one from practicing his livelihood, or the right to work and earn a living. *Id; see also Masterclean of North Carolina v. Guy*, 82 N.C. App. 45, 345 S.E.2d 692 (1986).

Here, defendant is not prevented from earning a living or practicing his livelihood. The only restrictions imposed by the injunction are that he cannot contact Contex customers actively solicited within the year prior to his resignation, nor can he disclose to third persons information identified as Contex trade secrets. This appears to restrict him from contacting approximately three hundred customers—a fraction of the thousands that remain available, and this case is clearly different from others in which the Court found a substantial right was affected. *See Milner Airco, Inc. v. Morris*, 111 N.C. App. 866, 433 S.E.2d 811 (1993) (finding substantial right where injunction prevented defendants from working during season installing air-conditioning units); *Masterclean of North Carolina v. Guy*, 82 N.C. App. 45, 345 S.E.2d 692 (1986) (finding substantial right where injunction would prevent defendant from practicing his livelihood in five states). A substantial right is not affected in this case and this appeal is

Dismissed.

Judges COZORT and LEWIS concur.