**BESSEMER CITY EXPRESS, INC. v. CITY OF KINGS MOUNTAIN**

[155 N.C. App. 637 (2002)]

Affirmed.

Judges TIMMONS-GOODSON and HUDSON concur.

━━━━━━━━━

BESSEMER CITY EXPRESS, INC., AND MIKE'S FOOD STORE, INC., PLAINTIFFS V. CITY OF KINGS MOUNTAIN, NORTH CAROLINA, A MUNICIPAL CORPORATION, DEFENDANT

No. COA02-41

(Filed 31 December 2002)

**Appeal and Error— appealability—denial of preliminary injunction—interlocutory**

Plaintiffs' appeal was dismissed as interlocutory where they attempted to appeal from the denial of a preliminary injunction against a zoning ordinance amendment restricting video game machines. The denial of the injunction did not deprive plaintiffs of any rights (much less a substantial right) because the amendment was not in effect at the time plaintiffs moved for the injunction, and because the ordinance simply limited use of video games but did not restrict plaintiffs' other business functions.

Appeal by plaintiff from order entered 4 June 2001 by Judge Jesse B. Caldwell, III in Cleveland County Superior Court. Heard in the Court of Appeals 9 October 2002.

*Kenneth T. Davies for the plaintiffs-appellants.*

*Stott, Hollowell, Palmer & Windham, L.L.P., by Martha Raymond Thompson and D. Kevin Joyce; Corry & Luptak, by Clayward C. Corry, Jr., for defendant-appellee City of Kings Mountain.*

THOMAS, Judge.

Plaintiffs, Bessemer City Express, Inc., and Mike's Food Store, Inc., initiated this declaratory judgment action in an attempt to invalidate a zoning ordinance amendment restricting their use of video gaming machines.

Prior to deciding the case on its merits, the trial court denied plaintiffs' motion for a preliminary injunction. Plaintiffs appeal, but for the reasons herein, we dismiss the appeal as interlocutory.

On 25 July 2000, defendant, City of Kings Mountain, North Carolina, a municipal corporation, passed an amendment to its zoning ordinance, number Z-3-6-00, restricting the location, design and use of video gaming machines. Arcades that do not comply with the restrictions are prohibited from having video gaming machines unless they apply for and obtain a conditional use permit. Any arcade "not having a valid conditional use permit as of 31 January 2001 must immediately cease to operate." Thus, the amendment included a grace period for nonconforming uses of approximately six months.

Plaintiff Bessemer City Express, Inc. operates seven video game arcades. Plaintiff Mike's Food Store, Inc. operates two. All of their arcades were in operation prior to the passage of the amendment.

On 25 September 2000, plaintiffs filed a complaint for declaratory judgment, contesting the validity of the amendment and seeking preliminary and permanent injunctions. They claimed the amendment would force them to close their businesses. In its answer filed 22 November 2000, defendant asserted the following defense: "That the time within which [plaintiffs'] uses, which were lawful uses prior to 25 July 2000 and which thereafter became non-conforming uses, would have to cease to operate, has not expired." Defendant further claimed that since plaintiffs had not applied for any conditional use permits, they failed to exhaust the available administrative remedies. The action, according to Kings Mountain, was premature.

Although the record does not indicate the exact date, sometime after the enactment of the ordinance plaintiffs submitted conditional use permit applications for each of the arcades. Plaintiffs also requested variances from certain restrictions in the ordinance. However, none of the permit or variance requests were granted by defendant. Defendant began issuing ordinance violation citations to plaintiffs for operating video game arcades without conditional use permits with penalties of $50.00 per day for each location.

On 21 May 2001, the trial court heard plaintiffs' motion for a preliminary injunction. In the order denying the request, the trial court found that plaintiffs had not shown a likelihood of prevailing on the merits and it did not appear plaintiff would suffer immediate and irreparable injury if the preliminary injunction were not issued.

**BESSEMER CITY EXPRESS, INC. v. CITY OF KINGS MOUNTAIN**

[155 N.C. App. 637 (2002)]

Plaintiffs appeal to this Court, alleging three assignments of error.

By their first two assignments of error, plaintiffs contend the trial court erred in denying their motion because: (1) plaintiff's evidence shows a likelihood of success on the merits and a reasonable apprehension of irreparable loss unless injunctive relief is granted; and (2) such relief is reasonably necessary to protect plaintiffs' rights during litigation, specifically, their vested right to continue the nonconforming uses and their substantive due process rights. By a third assignment of error, plaintiffs argue the trial court erred in admitting into evidence an affidavit containing prejudicial hearsay.

However, we first turn to the interlocutory nature of this appeal. A trial court's ruling on a motion for preliminary injunction is interlocutory. *Rug Doctor, L.P. v. Prate*, 143 N.C. App. 343, 345, 545 S.E.2d 766, 767 (2001). For appellate review to be proper, the trial court's order must: (1) certify the case for appeal pursuant to N.C. R. Civ. P. 54(b); or (2) have deprived the appellant of a substantial right that will be lost absent review before final disposition of the case. N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2001). Here, the trial court did not certify its order for immediate appeal. Moreover, the order does not affect a substantial right.

The substantial right test for appealability of interlocutory orders is more easily stated than applied. Generally, it is necessary to consider the particular facts of the case as well as the procedural context in which the trial court's order was entered. *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). Despite the case-by-case approach to the substantial right test, our Supreme Court has set forth two general criteria for determining whether an appeal from an interlocutory order is warranted: (1) "the right itself must be substantial[;]" and (2) "the deprivation of that substantial right must potentially work injury to [the party] if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990).

Here, we need not determine whether the use or operation of video gaming machines by plaintiffs in their businesses constitutes a substantial right, because the trial court's denial of the preliminary injunction did not deprive them of that, or any other, right. At the time plaintiffs moved for the injunction, the amendment was not in effect. They were still operating as conforming uses. Plaintiffs can make no argument that the trial court's order deprived them of a vested right

to continue as nonconforming uses, or some other substantial right, that will work injury to them if not corrected before appeal from final judgment.

Although our courts have recognized the inability to practice one's livelihood and the deprivation of a significant property interest to be substantial rights, the ordinance does not restrict plaintiffs from operating their businesses' other functions such as selling food and supplies. *See, e.g., Redlee/SCS, Inc. v. Pieper,* 153 N.C. App. 421, 571 S.E.2d 8 (2002); *City of Fayetteville v. E&J Investments, Inc.,* 90 N.C. App. 268, 368 S.E.2d 20, *disc. rev. denied,* 323 N.C. 171, 373 S.E.2d 105 (1988); *Masterclean of North Carolina, Inc. v. Guy,* 82 N.C. App. 45, 345 S.E.2d 692 (1986). Plaintiffs simply are limited in their use of video machines.

In *City of Fayetteville,* this Court noted no substantial right was affected because there was no injunction preventing the defendant in that case from operating its lounge, serving alcohol and having dancers. *City of Fayetteville,* 90 N.C. App. at 270, 368 S.E.2d at 21. The dancers simply could not be topless. Therefore, no irreparable harm was foreseen.

In *Consolidated Textiles, Inc. v. Sprague,* 117 N.C. App. 132, 450 S.E.2d 348 (1994), this Court held no substantial right was affected when it upheld a non-compete clause restricting the defendant from contacting the plaintiff's customers actively solicited within the year prior to the defendant's resignation or disclosing to third persons information identified as plaintiff's trade secrets. *Id.* at 134, 450 S.E.2d at 349. This restriction kept the defendant from contacting approximately 300 customers out of thousands of customers that remained available. *Id.*

Likewise, in the instant case, plaintiffs are not prohibited from operating their businesses as a whole. They are merely subject to new rules regarding the use of video machines within those businesses, pending final judgment on the merits.

Accordingly, we dismiss this appeal as interlocutory.

DISMISSED.

Judges WALKER and BIGGS concur.