IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1397

Filed: 15 September 2015

Guilford County, No. 14CVS6328

A&D ENVIRONMENTAL SERVICES, INC., Plaintiff,

v.

JOEL E. MILLER, Defendant.

Appeal by Defendant from order entered 8 October 2014 by Judge A. Robinson Hassell in Guilford County Superior Court. Heard in the Court of Appeals 20 May 2015.

> *Graebe Hanna & Sullivan, PLLC, by Mark R. Sigmon and M. Todd Sullivan, for Defendant-Appellant.*

> *Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by James C. Adams, II, and Andrew L. Rodenbough, for Plaintiff-Appellee.*

DILLON, Judge.

This is the second appeal taken by Joel E. Miller ("Defendant") in this proceeding. The first appeal was from an order by the trial court denying Defendant's Rule 12(b)(3) motion to dismiss based on improper venue, for which we have filed an opinion. *A&D Environmental Services v. Miller*, ___ N.C. App. ___, 770 S.E.2d 755 (filed 7 April 2015). This second appeal is from a preliminary injunction which was entered by the trial court while the first appeal was still pending before our Court. We affirm in part and dismiss in part.

## I. Background

A&D Environmental Services, Inc., ("Plaintiff") is a company which provides environmental services. Defendant went to work for Plaintiff in 2011, signing a non-compete, non-solicitation, confidentiality agreement (the "Agreement"). The Agreement provided, in part, that for a period of 24 months following Defendant's last day of employment, Defendant would not, *inter alia*, solicit business from or provide services for a defined group of customers or prospects.

In early 2014, Defendant resigned from Plaintiff to work for a competitor. Plaintiff came to believe that Defendant was performing duties for the competitor which were in violation of the Agreement.

On 4 June 2014, Plaintiff commenced this action in Guilford County seeking an order to enjoin Defendant from violating the Agreement. In its verified Complaint, Plaintiff stated that its principal place of business was in Guilford County.

### A. First Appeal – Defendant's Rule 12(b)(3) Venue Motion

Defendant moved the trial court to dismiss the action pursuant to Rule 12(b)(3) of the North Carolina Rules of Civil Procedure, arguing that venue in Guilford County was improper based on a provision in the Agreement requiring that all disputes thereunder be maintained in Mecklenburg County.

On 6 June 2014, the trial court entered an order denying Defendant's Rule 12(b)(3) motion to dismiss. On 10 June 2014, Defendant entered his notice of appeal – the first appeal in this proceeding – from this order.

On 7 April 2015, this Court filed its opinion in the first appeal, affirming the trial court's order denying Defendant's Rule 12(b)(3) motion to dismiss.

B. Second Appeal – Plaintiff's Motion for a Preliminary Injunction

However, while the first appeal was pending in this Court, Plaintiff filed a motion in the trial court for a preliminary injunction after discovering that Defendant was performing certain duties for the competitor which it believed were in violation of the Agreement. The trial court conducted a hearing on the motion.

At the hearing, Defendant argued that Guilford County was not the proper venue, but for an entirely different reason than the reason he gave at the hearing on his Rule 12(b)(3) motion. Specifically, he represented to the trial court that he had recently discovered evidence suggesting that Plaintiff's principal place of business was *not* in Guilford County, and that Plaintiff's representation in its Complaint to the contrary was false. Defendant argued that the trial court should consider this new-found evidence as a basis to deny Plaintiff's motion. Alternatively, Defendant argued that the trial court should determine that it lacked jurisdiction to act on Plaintiff's motion for a preliminary injunction while the first appeal was pending before our Court.

On 8 October 2014, while the first appeal was still pending before our Court, the trial court granted Plaintiff's motion, entering a preliminary injunction which enjoined Defendant from marketing, selling or providing any services or products to a defined group of customers. In part of the order, the trial court essentially concluded that since the issue of venue was pending before our Court, it would not be appropriate for the trial court to consider Defendant's new venue theory which concerned the actual location of Plaintiff's principal place of business. Defendant timely noticed his appeal from the preliminary injunction order, which is the subject of this second appeal.

## II. Jurisdiction

On appeal, Defendant makes a venue argument and a jurisdiction argument to attack the preliminary injunction. First, Defendant argues that the trial court erred in refusing to address the merits of his new improper venue theory, a theory which was being considered by our Court in the first appeal. Second, Defendant argues that the trial court lacked jurisdiction to issue the injunction while the first appeal was still pending in this Court.

This appeal, however, is interlocutory. Though the general rule is that "there is no right of immediate appeal from interlocutory orders and judgments[,]" *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 291, 420 S.E.2d 426, 428 (1992),

one exception to this rule is where the interlocutory order "affects a substantial right." N.C. Gen. Stat. § 7A-27(b)(3)(a).

Defendant claims that we have jurisdiction over this interlocutory appeal because the preliminary injunction affects two substantial rights. First, Defendant states that the preliminary injunction affects his right to have the case heard in the proper venue. Defendant argues that this right is a substantial right. We agree. Indeed, we have held that the "grant or denial of a motion asserting a statutory right to venue affects a substantial right and is immediately appealable." *Snow v. Yates*, 99 N.C. App. 317, 319, 392 S.E.2d 767, 768 (1990).

Second, Defendant states that the preliminary injunction affects his right to earn a living. Defendant argues that this right is a substantial right. We disagree. Not every order which affects a person's right to earn a living is deemed to affect a substantial right. Rather, whether such an order affects a substantial right depends on the extent that a person's right to earn a living is affected. For instance, we have held that a preliminary injunction which effectively *prevents* a person from "a realistic opportunity to use his own skill and talents" rises to the level of a substantial right. *Masterclean v. Guy*, 82 N.C. App. 45, 52, 345 S.E.2d 692, 697 (1986). *See also Precision Walls, Inc. v. Servie*, 152 N.C. App. 630, 635, 568 S.E.2d 267, 271 (2002) (substantial right is affected where it "effectively prohibits defendant from earning a living and practicing his livelihood in [two states]"); *Milner Airco v. Morris*, 111 N.C.

App. 866, 869, 433 S.E.2d 811, 813 (1993) (recognizing that an injunction which creates the "inability to do business" may affect a substantial right). However, we have also held that an injunction which merely *limits* a person's ability to earn a living may not affect a substantial right. *See Consol. Textiles, Inc. v. Sprague*, 117 N.C. App. 132, 134, 450 S.E.2d 348, 349 (1994) (holding that a substantial right was not affected where "defendant was not prevented from earning a living or practicing his livelihood" when he was merely enjoined from contacting the customers whom he had solicited while working with his former employer). *See also Bessemer City Express v. City of Kings Mountain*, 155 N.C. App. 637, 573 S.E.2d 712 (2002).

In the present case, the preliminary injunction at issue does not prevent Defendant from working in Plaintiff's industry, but rather it merely limits his activities by not allowing him to call on or service a narrowly defined group of customers, similar to the narrowly defined group in *Sprague*.[1] Therefore, we hold that Defendant's statement – that the preliminary injunction affects his ability to earn a living – fails to articulate a basis for appellate review.[2]

---

[1] The preliminary injunction here states, in relevant part, that "Defendant is enjoined from marketing, selling, or providing any services or products competitive with services and products offered by [Plaintiff] to any customer of [Plaintiff] which [Defendant] contacted and serviced on behalf of [Plaintiff], or about which [Defendant] obtained confidential information through his work with [Plaintiff], during the last twelve months that [Defendant] worked for [Plaintiff]."

[2] We do not suggest that an injunction which merely prevents a person from working with a defined group of customers could *never* affect a person's substantial rights. For example, it could be argued in a future case that a defendant's substantial right is affected where a "defined group of customers" in the injunction is so large that the injunction leaves very few, if any, viable prospects or customers for a defendant to call on. In the present case, however, Defendant makes no claim or

In conclusion, we hold that we have jurisdiction to consider the merits of any argument by Defendant which touch on his right to have the case heard in the proper venue. Specifically, Defendant's argument that the trial court erred at the preliminary injunction hearing in not considering his new improper venue theory affects this substantial right; and, therefore, we consider the merits of this argument. However, Defendant's argument that the trial court lacked jurisdiction to entertain Plaintiff's preliminary injunction motion while the first appeal was pending does not affect this substantial right; and, therefore, we lack jurisdiction to reach the merits of this argument. Therefore, Defendant's jurisdiction argument is dismissed. We now turn to address the merits of Defendant's improper venue argument.

## III. Analysis

Defendant argues on this appeal that the trial court erred in refusing to consider his contention that Guilford County was not a proper venue for Plaintiff's preliminary injunction motion to be heard.

We hold that the trial court acted correctly in accordance with N.C. Gen. Stat. § 1-294, which states that an appeal "stays all further proceedings in the court below upon the judgment appealed from, or upon *the matter embraced therein*[.]" N.C. Gen. Stat. § 1-294 (emphasis added). Specifically, the issue of whether venue in Guilford County was proper was before this Court when the trial court entered the preliminary

---

showing that the group of customers defined in the preliminary injunction is so large that he has no one to call on or work with.

injunction; and, therefore, Defendant's argument at the preliminary injunction hearing that Guilford County was not the proper venue for that hearing was a matter embraced by the first appeal.

Defendant, nonetheless, contends that the trial court *did* have the authority to consider his venue argument because he was basing his argument on a different theory than the theory that he had advanced at the Rule 12(b)(3) motion hearing and in the first appeal. However, the fact that Defendant was advancing a new theory does not change our conclusion that his argument – that venue in Guilford County was improper – was "a matter embraced" in the first appeal. Therefore, we hold that the trial court did not err in its conclusion that Defendant's "objections regarding venue are not properly before [the trial court] at this time[.]"

## IV. Conclusion

We affirm the trial court's refusal to consider Defendant's venue argument as a basis to deny Plaintiff's motion for a preliminary injunction. However, because Defendant has failed to show how his argument that the trial court lacked jurisdiction to enter the preliminary injunction during the pendency of the first appeal affects a substantial right, we dismiss this argument.

AFFIRMED IN PART, DISMISSED IN PART.

Judges BRYANT and ELMORE concur.