IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-1137

Filed: 20 June 2017

Onslow County, No. 16CVS2477

SIA GROUP, INC., Plaintiff,

v.

CLIFFORD G. PATTERSON, Defendant.

Appeal by defendant from a preliminary injunction entered 3 October 2016 by Judge John E. Nobles, Jr. in Onslow County Superior Court. Heard in the Court of Appeals 22 February 2017.

> *Crossley McIntosh Collier Hanley & Edes, PLLC, by Norwood P. Blanchard, III, for plaintiff-appellee.*

> *Poyner Spruill, LLP, by Andrew H. Erteschik and Kevin M. Ceglowski, for defendant-appellant.*

BERGER, Judge.

Clifford G. Patterson ("Defendant") appeals from a preliminary injunction entered on October 3, 2016 by Judge John E. Nobles, Jr. in Onslow County Superior Court. Defendant has failed to establish this Court's jurisdiction because he is unable to show that the preliminary injunction deprived him of a substantial right. We therefore dismiss this appeal as interlocutory.

Factual History

Plaintiff, SIA Group, Inc. ("SIA"), is an insurance agency, which solicits, sells, and services insurance and related financial products. SIA hired Defendant in December 2002 as a "sales executive" to sell and service "property, casualty, and other incidental insurance coverages" for commercial clients. When Defendant was hired by SIA, he signed an employment agreement ("the Agreement"), which included non-solicitation and non-disclosure covenants. For two years following Defendant's departure from SIA, the Agreement's non-solicitation covenant barred Defendant from soliciting or accepting business for himself in totum from those who were current or prospective SIA clients for the three years prior to his departure from SIA, and from "divert[ing] or attempt[ing] to divert" current or prospective SIA clients to an SIA competitor. The Agreement's non-disclosure covenant barred Defendant from "divulg[ing], disclos[ing], or communicat[ing]" any confidential information which related to SIA's business, acted in SIA's detriment, competed with SIA, or attempted to adversely affect a relationship between SIA and its current or prospective clients.

In 2011, Defendant was promoted to a corporate position and a team leader position at SIA. Through these positions, Defendant gained "complete access to all . . . confidential files of . . . SIA Group's customers and prospects, not just the customers that [Defendant] himself serviced or solicited." In February 2016, SIA modified its compensation structure. This upset Defendant because he believed his performance as one of SIA's top salesmen should generate more income. On March 24, 2016,

without the knowledge or consent of SIA, Defendant emailed an SIA customer list of approximately 300 client names, addresses, phone numbers, and email addresses from his SIA email address to his personal email address. In May 2016, Defendant resigned from SIA and took a position with an SIA competitor, BB&T Insurance Services, Inc.

Procedural History

On June 29, 2016, SIA filed suit against Defendant for breach of contract alleging Defendant had violated the non-solicitation and non-disclosure covenants in the Agreement. SIA also filed a motion for a preliminary injunction to prevent Defendant from further violating the covenants.

On October 3, 2016, the trial court issued a preliminary injunction against Defendant. In its order, the trial court found that Defendant had "solicit[ed] business [while working for SIA's competitor] from the clients he formerly serviced while working for SIA" and concluded "it [was] appropriate to limit [the preliminary injunction] to just those specific customers listed in the 'customer list' " that Defendant emailed to himself in March 2016. Pursuant to the preliminary injunction, Defendant could not solicit or accept SIA clients who were on the customer list or disclose "confidential information of any kind, nature, or description relating to SIA Group's business," which included, but was not limited to, the customer list. It is from this preliminary injunction that Defendant timely appealed.

Analysis

Defendant argues that this Court must address this interlocutory appeal because the trial court's order issuing the preliminary injunction affects a substantial right. He argues that the preliminary injunction affects his right to earn a living; that this right is a substantial right; and that the substantial right doctrine, therefore, confers jurisdiction on this Court. We disagree and dismiss Defendant's appeal.

"A trial court's ruling on a motion for preliminary injunction is interlocutory." *Bessemer City Express, Inc. v. City of Kings Mountain*, 155 N.C. App. 637, 639, 573 S.E.2d 712, 714 (2002) (citing *Rug Doctor, L.P. v. Prate*, 143 N.C. App. 343, 345, 545 S.E.2d 766, 767 (2001)). "The appeals process is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from a final judgment." *Stanford v. Paris*, 364 N.C. 306, 311, 698 S.E.2d 37, 40 (2010) (citation and quotation marks omitted). Therefore, "interlocutory appeals are discouraged except in limited circumstances," *Id.*, and, "[a]s a general rule, there is no right of appeal from an interlocutory order." *Larsen v. Black Diamond French Truffles, Inc.*, ___ N.C. App. ___, ___, 772 S.E.2d 93, 95 (2015).

"For appellate review to be proper, the trial court's order must: (1) certify the case for appeal pursuant to N.C. R. Civ. P. 54(b); or (2) have deprived the appellant

of a substantial right that will be lost absent review before final disposition of the case." *Bessemer City Express,* 155 N.C. App. at 639, 573 S.E.2d at 714 (citing N.C. Gen. Stat. §§ 1–277(a) and 7A–27(d)(1) (2001)). In this case, the trial court's order was not certified for immediate appeal; nor does it affect a substantial right.

To establish that a court order affects a substantial right, appellant must show that "the right itself [is] substantial; and . . . the deprivation of that substantial right . . . potentially work[s] injury to the party if not corrected before appeal from final judgment." *Id.*, 573 S.E.2d at 714 (citation, quotation marks, and brackets omitted). North Carolina courts "have recognized the inability to practice one's livelihood and the deprivation of a significant property interest to be substantial rights." *Id.* at 640, 573 S.E.2d at 714 (citations omitted). However, "[n]ot every order which affects a person's right to earn a living is deemed to affect a substantial right." *A & D Environmental Services, Inc. v. Miller*, ___ N.C. App. ___, ___, 776 S.E.2d 733, 735 (2015). "Rather, whether such an order affects a substantial right depends on the extent that a person's right to earn a living is affected." *Id.* at ___, 776 S.E.2d at 735.

This Court has previously held a preliminary injunction affects an individual's substantial right to earn a living when the "preliminary injunction . . . effectively *prevents* a person from [engaging in] 'a realistic opportunity to use his own skill and talents,' " but not where the injunction "merely *limits* a person's ability to earn a living." *Id.* at ___, 776 S.E.2d at 735-36 (citations omitted) (emphasis in original).

Accordingly, this Court found that a defendant-employee's substantial right to earn a living was not impacted by a preliminary injunction that "d[id] not prevent [the d]efendant from working in [the p]laintiff's industry, but . . . limit[ed] [the defendant's] activities by not allowing him to call on or service a narrowly defined group of customers" in that industry. *Id.* at \_\_\_, 776 S.E.2d at 736. In *A & D Environmental Services*, this Court did not find it had jurisdiction to address the merits of an appealed preliminary injunction that barred the defendant from soliciting or servicing individuals with whom he had previously conducted business. *Id.* at \_\_\_, 776 S.E.2d at 736. This Court explained the preliminary injunction's restrictive scope was not so large that it left "very few, if any, viable prospects or customers for a defendant to call on." *Id.* at \_\_\_, 776 S.E.2d at 736 nn.1-2. *See Consolidated Textiles v. Sprague*, 117 N.C. App. 132, 134, 450 S.E.2d 348, 349 (1994) (holding that a defendant's substantial right, that of earning a living, was not impacted where a preliminary injunction enforcing a covenant not to compete barred the defendant from contacting the plaintiff's "customers actively solicited within the year prior to [the defendant's] resignation" because it "appear[ed] to only restrict him from contacting approximately three hundred customers—a fraction of the thousands that remain[ed] available" (citations omitted)).

In the case *sub judice*, from the time when Defendant separated from SIA to the issuance of the preliminary injunction, Defendant sold insurance policies to

"numerous" clients he serviced while employed at SIA and earned over $180,000.00 in commissions from the newly-generated policies. Before the injunction was issued, Defendant was neither "prevented" nor "limited" from soliciting, accepting, or generating business in the insurance industry. Only after the preliminary injunction's issuance was Defendant restricted from soliciting or accepting business from the approximately 300 SIA clients contained in the customer list, exclusive of those clients who named Defendant as their broker of record.

Therefore, the preliminary injunction does not prevent or "destroy" Defendant's ability to earn a living or sustain a livelihood. *See Copypro, Inc. v. Musgrove*, 232 N.C. App. 194, 197, 754 S.E.2d 188, 191 (2014) ("[W]hen the entry of an order [for] . . . a preliminary injunction has the effect of destroying a party's livelihood, [it] affects a substantial right. . . ." (citation omitted)). Its terms "merely limits [Defendant's] activities by not allowing him to [solicit or passively accept business from] a narrowly defined group of customers." *A&D Environmental Services*, ___ N.C. App. at ___, 776 S.E.2d at 736. Defendant continues to have a "realistic opportunity to use his own skill and talents" to generate new client relationships outside the customer list on which the preliminary injunction focuses. *Id*. at ___, 776 S.E.2d at 735 (citations and quotation marks omitted). Defendant did not establish that the trial court's preliminary injunction affected his ability to earn a living to the extent at which it affects a substantial right. "Because it is the

appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal, and Defendant[ has] not met [his] burden, Defendant['s] appeal must be dismissed." *Larsen*, 241 N.C. App. at 79, 772 S.E.2d at 96 (citation, quotation marks, and brackets omitted). Furthermore, we will not grant Defendant's petition for a writ of certiorari to address the merits of this appeal at this stage of litigation.

## Conclusion

As Defendant has failed to establish that the trial court's preliminary injunction affected a substantial right, we have no appellate jurisdiction to consider this interlocutory appeal. We also deny Defendant's petition for a writ of certiorari. Accordingly, we must dismiss.

DISMISSED.

Judges CALABRIA and HUNTER, JR. concur.