IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-1228

Filed: 17 April 2018

Wake County, No. 17 CVS 6017

SAVAGE TOWING INC., Plaintiff,

v.

TOWN OF CARY, a Municipal Corporation, Defendant.

Appeal by plaintiff from order entered 5 July 2017 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 4 April 2018.

*Cary Law, by R. Daniel Gibson, for plaintiff-appellant.*

*Teague Campbell Dennis & Gorham, LLP, by Brian M. Love and Jacob H. Wellman, for defendant-appellee.*

TYSON, Judge.

Savage Towing Inc. ("Plaintiff") appeals the trial court's order denying its motion for preliminary injunction. We dismiss this interlocutory appeal without prejudice.

## I. Background

Plaintiff is a towing business operating within Cary, North Carolina. For more than a decade, Plaintiff has provided accident recovery, roadside assistance, long-distance towing, and vehicle tows from private property. Plaintiff maintains

contracts with several businesses and various private property owners to monitor their parking areas and remove improperly parked, abandoned, and trespassing vehicles.

On 23 February 2017, the Cary Town Council unanimously approved the addition of Article IV (the "Ordinance") to Chapter 20 of the Town's Code of Ordinances, which places certain requirements and regulations on the non-consensual towing of vehicles from private parking lots located within the Town of Cary (the "Town"). The affidavit of Captain Steven Wilkins of the Cary Police Department indicates the purpose of the Ordinance was to address the volume and frequency of complaints received by the Cary Police Department arising from the non-consensual towing of vehicles. Between 2010 and 2016, the Cary Police Department received 148 complaints relating to non-consensual tows from private property. Nothing in the record indicates whether any of these complaints were related to incidents later proven to involve illegal towing. At oral argument before this Court, Plaintiff's counsel and the Town's counsel agreed that none of these complaints reflect or were found to constitute any improper conduct or actions by Plaintiff.

The Ordinance requires, in part, towing companies and private property owners who hire towing companies to post signs either "at each entrance," "every 50 feet of the frontage," or "at each parking space" within a privately-owned parking lot. Cary, N.C., Code of Ordinances, art. IV, § 20-153(a) (2017). Towing companies must

report to the Cary Police Department the make, color, license tag number, location the vehicle was towed from, and the location where the vehicle will be held within 15 minutes of towing the vehicle. *Id.* at § 20-154.

Towing companies must respond immediately to calls from owners or operators of trespassing and removed vehicles or return calls within 30 minutes of receiving a message. *Id.* at § 20-155(a). A person with the authority to release a towed vehicle must report to the location of the vehicle within two hours of a phone call by a person requesting release of the vehicle, subject to exceptions for requests made between midnight and 6:00 a.m. *Id.* In addition to cash, towing companies are required to accept payment by major credit and debit cards and provide detailed receipts. *Id.* at § 20-155(c).

Towing services must allow a vehicle owner access to the illegally parked and towed vehicle in order to remove the owner's personal property. *Id.* at § 20-156(b). Towing services must tow an illegally parked vehicle to a fenced, lighted, secured, and clearly signed lot within 15 miles from where the illegally parked vehicle was towed. *Id.* at § 20-157. The Ordinance provides civil and criminal penalties for any towing services and private property lot owners that violate its provisions. *Id.* at § 20-158.

Plaintiff challenged the Ordinance by filing a verified complaint and motion for preliminary injunction on 15 May 2017, seeking: (1) a declaration that the Town's

Ordinance is *ultra vires*; (2) a declaration that N.C. Gen. Stat. § 20-219.2 violates the North Carolina Constitution; (3) a ruling that the Town's Ordinance violates Plaintiff's rights to due process and equal protection under the Constitution of the United States and the North Carolina Constitution; and (4) a preliminary injunction barring the Town from enforcing the Ordinance.

Plaintiff's motion for preliminary injunction was heard in Wake County Superior Court on 30 May 2017. At the hearing, Plaintiff argued the Ordinance violated its constitutional rights to due process and equal protection. The trial court denied the motion for preliminary injunction, concluding that Plaintiff "has failed to show there is a likelihood of success on the merits of its claims for relief . . . ." Shortly thereafter, Plaintiff timely filed notice of appeal. Plaintiff filed a petition for writ of *supersedeas* and motion for temporary stay on 31 May 2017, which petition and motion this Court denied by order dated 1 June 2017.

The Ordinance became effective 1 June 2017. On 31 July 2017, Plaintiff filed another petition for writ of *supersedeas* and motion for temporary stay, which this Court also denied by order dated 4 August 2017.

At the hearing on Plaintiff's motion for preliminary injunction, Plaintiff's counsel stated that all Plaintiff's arguments regarding the Ordinance are "unconstitutional as-applied arguments." However, Plaintiff's counsel conceded at oral argument before this Court that he had misspoken, and Plaintiff is making only

a facial challenge to the Ordinance. Plaintiff's verified complaint, and its briefed and oral arguments, are consistent with a facial challenge. We analyze Plaintiff's arguments as such.

## II. Jurisdiction

### *A. Interlocutory Appeal*

All parties agree that the order Plaintiff appeals from is interlocutory. *QSP, Inc. v. Hair*, 152 N.C. App. 174, 175, 566 S.E.2d 851, 852 (2002) ("Appeal of a trial court's ruling on a motion for preliminary injunction is interlocutory."). "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transp. v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995) (citation omitted).

To be reviewable on appeal, "the trial court's order must: (1) certify the case for appeal pursuant to N.C. R. Civ. P. 54(b); or (2) have deprived the appellant of a substantial right that will be lost absent review before final disposition of the case." *Bessemer City Express, Inc. v. City of Kings Mountain*, 155 N.C. App. 637, 639, 573 S.E.2d 712, 714 (2002) (citations omitted). The trial court's order denying Plaintiff's motion for preliminary injunction was not certified as immediately appealable under N.C. Rule Civ. Pro. 54(b).

### *B. Substantial Rights*

Plaintiff argues the trial court's order affects its substantial rights, which will be irreparably harmed unless a preliminary injunction is granted. Plaintiff asserts that the denial of its requested preliminary injunction subjects it to the enforcement of the allegedly illegal Ordinance, which will potentially work harm by depriving it of its substantial rights to due process and equal protection of the law.

A substantial right is "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (citation omitted). "Essentially a two-part test has developed—the right itself must be substantial and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990) (citation omitted). To prove that a substantial right is affected, an appellant must first prove that the right itself is substantial. *Id*. Second, an appellant "must demonstrate why the order affects a substantial right. . . ." *Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009) (emphasis and citation omitted).

### C. Ordinance Not in Effect

In assessing our jurisdiction to review the merits of Plaintiff's interlocutory appeal, we are guided by this Court's opinion in *Bessemer City*, *supra*. *Bessemer City*

involved a zoning ordinance amendment that purported to "restrict[] the location, design and use of video gaming machines[]" and forbade arcades that did not comply with the ordinance from having video gaming machines unless they obtained a conditional use permit. 155 N.C. App. at 638, 573 S.E.2d at 713.  The amendment had a six-month grace period for non-conforming uses. *Id.*

After the amendment was passed and before the end of the six-month grace period, arcade owners filed a declaratory judgment action to invalidate the zoning ordinance amendment and a motion for preliminary injunction to enjoin enforcement of the ordinance. *Id.*  Approximately five months after the end of the grace period, the trial court entered an order denying the arcade owners' motion for preliminary injunction and the arcade owners appealed. *Id.* at 638-39, 573 S.E.2d at 713.

This Court declined to address the arcade owners' appeal on the merits, and dismissed the appeal as interlocutory, reasoning:

> Here, we need not determine whether the use or operation of video gaming machines by plaintiffs in their businesses constitutes a substantial right, because the trial court's denial of the preliminary injunction did not deprive them of that, or any other, right. *At the time plaintiffs moved for the injunction, the amendment was not in effect.* They were still operating as conforming uses. Plaintiffs can make no argument that the trial court's order deprived them of a vested right to continue as nonconforming uses, or some other substantial right, that will work injury to them if not corrected before appeal from final judgment.

*Id.* at 639-40, 573 S.E.2d at 714 (emphasis supplied).

In the instant case, Plaintiff filed its complaint and motion for preliminary injunction on 15 May 2017, prior to the Ordinance becoming effective on 1 June 2017. Plaintiff "can make no argument that the trial court's order deprived [it] of . . . substantial right[s]" that will cause irreparable harm, if the trial court's order is not reviewed before final judgment. *Id.*

### D. Due Process

Plaintiff asserts that its rights to due process under the United States and North Carolina Constitutions are substantial rights. Plaintiff asserts the Ordinance will deprive it of its due process rights because of a provision allowing for civil and criminal penalties. The particular provision of the Ordinance at issue states, in relevant part:

> (a) Civil penalty. Violation of this Article IV shall subject the offender(s) to a civil penalty in the amount of $100.00. In the event there is more than one violation within any one-year period, then the civil penalty shall be increased for each additional violation over one during such period[.]
>
> . . . .
>
>> (2) Violators shall pay any issued penalty within 72 hours of the issue date and time. The town attorney, or designee, is authorized to file suit on behalf of the town to collect any unpaid citations, and the police chief, or designee, is authorized to verify and sign complaints on behalf of the town in such suits. A police officer may issue a citation for violations of this article.
>>
>> (3) Appeal of a civil penalty amount may be made to

> the Town Manager or designee within 30 calendar days from the date of issuance by filing an appeal stating with specificity the grounds for the appeal and the reasons the penalty should be reduced or abated . . . .
>
> (c) Criminal penalty. In addition to, or in lieu of, such civil penalties or other remedies, violation of this article shall constitute a misdemeanor.

Cary, N.C., Code of Ordinances, art. IV, § 20-159(a)-(c). This Court has recognized that the constitutional right to due process is a substantial right. *See K2 Asia Ventures v. Trota*, 209 N.C. App. 716, 724, 708 S.E.2d 106, 112 (2011). Plaintiff argues the Ordinance violates its due process rights by subjecting it to civil and criminal liability without adequate notice and hearing.

Nothing in the text of the ordinance indicates Plaintiff will be deprived of its substantial right to due process, absent immediate appellate review. The Ordinance's requirement for civil penalties to be paid within 72 hours of the issuing date does not deprive Plaintiff the opportunity to contest the civil penalty without prior notice and hearing. If Plaintiff contests the imposition of a civil penalty for violation of the Ordinance, Plaintiff could refuse to pay the penalty. If the Town chooses to enforce a penalty by filing a civil action, then Plaintiff would receive the notice and hearing afforded to any defendant in a civil action. Plaintiff could fully contest the merits of the imposition of the penalty in court.

Additionally, nothing in the text of the Ordinance allows the Town to bypass settled criminal procedures for the purported enforcement of misdemeanors, including the Rule of Lenity, if the Town attempts to assert criminal penalties against Plaintiff for violating the Ordinance. Although Plaintiff is not mounting an "as-applied" challenge to the Ordinance, Plaintiff has not alleged it has violated the Ordinance, nor has the Town attempted to enforce civil or criminal penalties against Plaintiff for a violation of the Ordinance.

Plaintiff has failed to show the trial court's denial of its motion for preliminary injunction will "potentially work injury" to its substantial rights to due process "if not corrected before appeal from final judgment." *Goldston*, 326 N.C. at 726, 392 S.E.2d at 736.

### E. Equal Protection

Plaintiff also argues that the trial court's denial of its motion for preliminary injunction will irreparably harm its substantial rights to equal protection. Plaintiff asserts the Ordinance violates its federal and state constitutional rights to equal protection by exempting tows from public property within the town limits of Cary and tows initiated by police. The Ordinance states, in relevant part:

> (a) The provisions of this Article apply to any private property used for residential or non-residential purposes, upon which a private parking lot is located.
>
> (b) Notwithstanding the foregoing, this Article does not apply to the towing, removal or immobilization of a motor

> vehicle (i) if the motor vehicle obstructs adequate ingress and egress to, from, or within a private parking lot; (ii) if the motor vehicle has been abandoned on private property without the consent of the private property [*sic*]; or (iii) if the motor vehicle is being removed pursuant to the direction of a law enforcement officer or otherwise in accordance with the provisions of this Code or state law.

Cary, N.C., Code of Ordinances, art. IV, § 20-151.

"The Equal Protection Clause of Article I, Section 19 of the North Carolina Constitution and the Equal Protection Clause of Section 1 of the Fourteenth Amendment to the United States Constitution forbid North Carolina [or its political subdivisions] from denying any person the equal protection of the laws." *Department of Transp. v. Rowe*, 353 N.C. 671, 675, 549 S.E.2d 203, 207 (2001) (citations omitted). "[T]o state an equal protection claim, a claimant must allege (1) the government (2) arbitrarily (3) treated them differently (4) than those similarly situated." *Lea v. Grier*, 156 N.C. App. 503, 509, 577 S.E.2d 411, 416 (2003).

On its face, § 20-151 of the Ordinance does not appear to discriminate among classes of towing companies, but among the types of property and situations in which the Ordinance's provisions may apply. Plaintiff alleges in its verified complaint that the Town unconstitutionally targeted the requirements of the Ordinance at particular towing companies, including Plaintiff.

Presuming, *arguendo*, Plaintiff has a substantial right to equal protection, Plaintiff has failed to show how the trial's court order harms this asserted substantial

right.  The Ordinance, on its face, does not appear to classify towing companies conducting business within the town limits of Cary, but classifies parking lots, based upon whether they are private or public, and situations in which the requirements of the Ordinance apply, based upon whether the actions are initiated by law enforcement officers or private individuals.

In addition the Ordinance specifically provides exclusions from any applications and enforcement actions:

> (b) Notwithstanding the foregoing, this Article does not apply to the towing, removal or immobilization of a motor vehicle (i) if the motor vehicle obstructs adequate ingress and egress to, from, or within a private parking lot; (ii) if the motor vehicle has been abandoned on private property without the consent of the private property [*sic*]; or  (iii) if the motor vehicle is being removed . . . otherwise in accordance with the provisions of this Code or state law.

Cary, N.C., Code of Ordinances, art. IV, § 20-151(b).  These broad and substantial exemptions may render the Ordinance's regulations ambiguous and effectively null; however, the question of the interpretation of the Ordinance is not before this Court and remains to be determined by the trial court.

## III. Conclusion

At this point in the litigation under a review of a facial challenge, Plaintiff has failed to show that its substantial rights will be harmed by the trial court's denial of its motion for preliminary injunction.  The constitutional issues remain to be determined upon a more developed record.

Without the Rule 54(b) certification or the showing of potential harm to a substantial right, we lack jurisdiction over Plaintiff's interlocutory appeal. The appeal is dismissed without prejudice. *It is so ordered.*

DISMISSED.

Judges ELMORE and ZACHARY concur.