IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-410

Filed 19 November 2025

Wake County, No. 24CV003292-910

BERRY GLOBAL, INC., and its successors, Petitioner,

v.

COMMISSIONER OF LABOR OF THE STATE OF NORTH CAROLINA, Respondent.

Appeal by Petitioner from order entered 23 December 2024 by Judge Clayton D. Somers in Wake County Superior Court. Heard in the Court of Appeals 15 October 2025.

*Fisher & Phillips LLP, by Travis W. Vance and Caroline E. Cheek, for Petitioner-Appellant.*

*Attorney General Jeff Jackson, by Special Deputy Attorney General Stacey A. Phipps, for Respondent-Appellee.*

COLLINS, Judge.

This appeal arises from an accident that occurred on Petitioner Berry Global, Incorporated's property in which one of Petitioner's employees was severely injured. Petitioner was issued a citation by Respondent, Commissioner of Labor of the State of North Carolina, and after a hearing, the North Carolina Safety and Health Review Commission affirmed the citation. After an appeal to the full Safety and Health Review Commission, Petitioner appealed to the Wake County Superior Court. While

that appeal was pending, Petitioner filed a motion to present additional evidence, which the trial court denied.

Petitioner appealed the trial court's denial of its motion to present additional evidence to this Court, arguing that the trial court's order implicates a substantial right because Petitioner's due process right to a fair trial would be violated without this "vital evidence." For the following reasons, we dismiss Petitioner's appeal from the interlocutory order.

## I.  Background

Petitioner is in the business of manufacturing plastic packaging. In the early morning hours of 23 February 2020, one of Petitioner's employees was injured while cleaning a mold at Petitioner's facility in Monroe, North Carolina.

Following the accident, Respondent's Occupational Safety and Health Division opened an investigation. Compliance Safety and Health Officer Ted Hendrix conducted a "special scope" inspection of Petitioner's worksite, beginning on 27 February 2020. Following this inspection, the Occupational Safety and Health Division issued a citation on 1 April 2020, alleging that Petitioner committed a "serious" violation:

> 29 CFR 1910.147(c)(4)(i): Procedures were not developed, documented and utilized for the control of potentially hazardous energy when employees were engaged in the activities covered by this section:
>
> . . . On or about February 23, 2020 an employee sustained injuries requiring hospitalization when a safety chain

slipped from a damaged V-block on the Die-Sep Split-N-Tip mold separator, allowing an approximately 4,400-pound mold to fall onto the employee.

Petitioner was fined $5,000.

Respondent filed an action with the North Carolina Safety and Health Review Commission on 2 July 2020 to enforce the citation issued to Petitioner. A hearing was held in April 2022 before the Review Commission, wherein Officer Hendrix testified about the procedures he took during his inspection of Petitioner's worksite. Officer Hendrix testified on direct examination that during his inspection, he interviewed approximately eight employees, including the employee who was injured. He took "formal witness statements" from two employees, wherein the employees hand-wrote on a form any information they would like to be known. Officer Hendrix was then asked by Respondent to explain how he took notes and generated a report for the inspection:

> Q: Did you take notes during your inspection?
>
> A: I did.
>
> Q: And how do you take those notes and enter those?
>
> A: I take them on a notepad, just a plain eight and a half by 11 notepad, and then when I get -- I transfer those -- I basically put those into my written file.
>
> Q: And what do you use to make your written file?
>
> A: A software package called OSHA Express.
>
> Q: Does it generate reports?

A:    It does.

Q:    Are those reports based on the information that you input in the system?

A:    That's the only information.  Well, the referral the -- original referral that got called in by the employer was -- is entered into the system by our complaint desk.  But everything to do with the inspection part of it is me.  There's nothing added.  Everything that's in that file is something I generate.

Q:    And is this report accurate?

A:    It is.

Q:    Do you have a copy of that available with you today?

A:    I do.

Respondent then moved to admit the investigative case file, which included Officer Hendrix's eighty-four page report, several documents, and photos and videos taken by Officer Hendrix of Petitioner's worksite, into evidence.  Petitioner objected to the admission of this report, arguing that the report is "hearsay, irrelevant, and should be -- includes documents that are not necessary for this proceeding." Respondent argued that the introduction of the entire investigative file is proper "in part because it is a business record, in part because hearsay is allowed by the commission and should be given due weight, and also under the Doctrine of Completeness so that you may see everything that is in the official file."  Petitioner's objection was overruled, and the file was introduced into evidence.  Officer Hendrix further testified that, based upon his inspection and report, he recommended a

citation be issued.  On cross examination, Petitioner did not ask Officer Hendrix any questions about his handwritten notes.

After the hearing, the Review Commission entered a decision and order affirming the citation on 22 July 2022.  Petitioner appealed to the full Occupational Safety and Health Review Commission.  The Full Commission issued an order on 28 December 2023 affirming the citations.  Petitioner filed a petition for review in Wake County Superior Court on 29 January 2024.

Petitioner then filed a motion to present additional evidence on 16 October 2024, seeking to introduce "evidence recently discovered that the North Carolina Department of Labor, Occupational Safety and Health Division has a long-standing practice of permitting its compliance officers to destroy their handwritten field notes without producing the notes to employers, thereby depriving North Carolina employers of their due process rights."  After a hearing, the trial court entered an order on 23 December 2024 denying Petitioner's motion.  Petitioner appeals.

## II.    Appellate Jurisdiction

Petitioner appeals from an interlocutory order.  An interlocutory order is one "made during the pendency of an action which do[es] not dispose of the case, but instead leave[s] it for further action by the trial court in order to settle and determine the entire controversy."  *Carriker v. Carriker*, 350 N.C. 71, 73 (1999) (citation omitted).  "Generally, a party has no right of appeal from an interlocutory order." *Edwards v. GE Lighting Sys., Inc.*, 193 N.C. App. 578, 581 (2008) (citation omitted).

"The reason for this rule is to prevent fragmentary, premature[,] and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Fraser v. Di Santi*, 75 N.C. App. 654, 655 (1985) (citation omitted).

"An exception exists when the order will deprive the party of a substantial right absent an immediate appeal." *Edwards*, 193 N.C. App. at 581 (citations omitted). Our appellate courts have developed a two-part test to determine whether an order affects a substantial right: first, "the right itself must be substantial," and second, "the deprivation of that substantial right must potentially work injury to [the appellant] if not corrected before appeal from final judgment." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 726 (1990) (citation omitted). A substantial right determination "usually depends on the facts and circumstances of each case and the procedural context of the orders appealed from." *Estrada v. Jaques*, 70 N.C. App. 627, 642 (1984) (citation omitted). The burden rests upon the appellant to demonstrate that the trial court's order deprives the appellant of a substantial right that will be lost without an immediate appeal. *Dailey v. Popma*, 191 N.C. App. 64, 68 (2008).

Petitioner moved to present additional evidence under N.C. Gen. Stat. § 150B-49, which provides:

> A party or person aggrieved who files a petition in the superior court may apply to the court to present additional evidence. If the court is satisfied that the evidence is

material to the issues, is not merely cumulative, and could not reasonably have been presented at the administrative hearing, the court may remand the case so that additional evidence can be taken.

N.C. Gen. Stat. § 150B-49 (2025).

Petitioner alleges that approximately four and a half years after the April 2020 hearing before the Review Commission, it discovered Respondent's "long-standing practice" of having compliance officers destroy their handwritten field notes after transferring the content of those notes into the computerized "OSHA Express" system. Petitioner argues that the superior court's refusal to remand the case to the Review Commission to allow Petitioner to introduce this evidence deprives Petitioner of its substantial due process right to a fair trial. We disagree.

Respondent filed an action with the Review Commission to enforce the citation issued to Petitioner as a result of the February 2020 accident and the ensuing investigation by Officer Hendrix. A hearing was held, during which Officer Hendrix testified at length about the procedures he took when taking part in his investigation at Petitioner's worksite. He testified that he interviewed approximately eight employees, took handwritten notes, and then "transferred" those notes to the OSHA Express system to generate a report. Presented as evidence at the hearing was the investigative case file, which included the eighty-four page report, numerous documents, and approximately 100 photographs and videos taken by Officer Hendrix of the worksite.

Petitioner objected to the admission of the entire investigative file, arguing it "includes documents that are not necessary for this proceeding." Officer Hendrix acknowledged on the stand that he took handwritten notes during his inspection of Petitioner's worksite; however, Petitioner neither objected to the absence of those notes from the file nor asked Officer Hendrix about his handwritten notes on cross examination.

Although "the constitutional right to due process is a substantial right," *Savage Towing, Inc. v. Town of Cary*, 259 N.C. App. 94, 99 (2018) (citation omitted), Petitioner has failed to demonstrate how the trial court's order in this case implicates its due process rights. *See Lopez v. Arnulfo-Plata*, 296 N.C. App. 653, 657 (2024) (affirming that "blanket assertions" and "vague, conclusory statements" are insufficient to show how an order implicates a substantial right) (citations omitted). Through its motion to present additional evidence, Petitioner seeks to introduce more evidence about evidence it did not find to be relevant in the first place. This is not a substantial right. Furthermore, the opportunity to challenge the trial court's order denying Petitioner's motion will not be lost or jeopardized absent immediate appeal as it can be appealed, if necessary, after final judgment is entered.

Accordingly, Petitioner has failed to show that the trial court's order deprives Petitioner of a substantial right that would be lost absent an immediate appeal. This interlocutory appeal is therefore improperly before this Court, and we are without jurisdiction to review the appeal on its merits.

## III.    Conclusion

For the foregoing reasons, we dismiss Petitioner's appeal for lack of subject matter jurisdiction.

DISMISSED.

Judges GORE and STADING concur.