JAMES A. WILFONG, AND WIFE, MARIA HERRERA, PLAINTIFFS v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANT

No. COA08-400

(Filed 6 January 2009)

**Appeal and Error— appealability—inverse condemnation hearing—interlocutory order—failure to demonstrate substantial right**

    . Defendant DOT's appeal from an order finding it liable to plaintiffs for damages arising from defendant's inverse condemnation of plaintiffs' property is dismissed because: (1) defendant appealed from an interlocutory order entered following a hearing under N.C.G.S. § 136-108 since these hearings do not finally resolve all issues; and (2) defendant failed to identify what right was at issue or why any substantial right would be jeopardized without immediate review of the trial court's order. The appeal was not dismissed as a sanction for a technical violation of N.C. R. App. P. 28, but instead based on a substantive failure to demonstrate any right to an immediate appeal.

Appeal by Defendant from order entered 31 December 2007 by Judge J.B. Allen, Jr., in Durham County Superior Court. Heard in the Court of Appeals 21 October 2008.

*Cranfill Sumner & Hartzog, LLP, by George B. Autry, Jr., Brady W. Wells, and Stephanie H. Autry, for Plaintiffs.*

*Attorney General Roy Cooper, by Special Deputy Attorney General W. Richard Moore, Special Deputy Attorney General E. Burke Haywood, and Assistant Attorney General Thomas B. Wood, for Defendant.*

ARROWOOD, Judge.

Defendant, the North Carolina Department of Transportation (DOT), appeals from an order finding it liable to James Wilfong

**WILFONG v. N.C. DEP'T OF TRANSP.**

[194 N.C. App. 816 (2009)]

and Maria Herrera (Plaintiffs) for damages arising from Defendant's inverse condemnation of Plaintiffs' property. We dismiss as interlocutory.

This appeal arises from a road improvement project by Defendant that included widening of Cheek Road in Durham County, North Carolina. Plaintiffs own property on Cheek Road in the area scheduled for widening. In March 1998 Plaintiffs conveyed part of their property to Defendant and granted Defendant a construction easement that allowed Defendant reconnect Plaintiffs' driveway to the highway after the project was finished.

On 8 February 2005, plaintiffs filed an inverse condemnation action under N.C. Gen. Stat. § 136-111 (2007). Plaintiffs alleged that the highway had been raised higher than planned, making the grade of Plaintiffs' driveway so steep that they were "deprived of reasonable access to and from" their property. In an answer filed in July 2007, Defendant denied the allegations of Plaintiffs' complaint and moved for dismissal under N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), (2), and (6). ·

In October 2007, Plaintiffs filed a motion under N.C. Gen. Stat. §§ 136-108 and 136-111 (2007), seeking a hearing to determine "all issues raised by the pleadings other than the issue of damages." A hearing was conducted in November 2007, addressing the project's history, the parties' interactions, and the change in the slope of Plaintiffs' driveway. In an order entered 31 December 2007, the trial court ruled that the change in road grade was a taking for which Plaintiffs were entitled to compensation. From this order Defendant timely appealed.

---

We conclude that Defendant's appeal is not properly before this Court. An order is either "interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2007). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). Defendant appeals from an interlocutory order entered following a hearing under N.C. Gen. Stat. § 136-108 (2007). "Because G.S. 136-108 hearings do not finally resolve all issues, an appeal from a trial court's order rendered in such hearings is interlocutory." *Department of Transp. v. Byerly*, 154 N.C. App. 454, 456, 573 S.E.2d 522, 523 (2002).

With two exceptions, "there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). Appeal may be taken from an order that is "a final judgment as to one or more but fewer than all of the claims or parties" and if the trial court certifies that "there is no just reason for delay" of the appeal. N.C. Gen. Stat. § 1A-1, Rule 54(b) (2007). "Absent a Rule 54(b) certification, an interlocutory order may be reviewed if it will injuriously affect a substantial right unless corrected before entry of a final judgment." *Hamby v. Profile Prods., L.L.C.*, 361 N.C. 630, 634, 652 S.E.2d 231, 233 (2007) (citations omitted).

"It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) (citation omitted). This requirement was codified in N.C. R. App. P. 28(b)(4), which states in pertinent part that an appellant's brief must include:

> A statement of the grounds for appellate review. Such statement shall include citation of the statute or statutes permitting appellate review. . . . When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.

In the instant case, Defendant simply states that because a "threshold issue at the preliminary hearing was whether there had been a taking by NCDOT" the trial court's "ruling clearly affected a substantial right." However, Defendant fails to identify what right is at issue or why any substantial right would be jeopardized without immediate review of the trial court's order. "It is well established in this jurisdiction that if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980) (citations omitted).

We conclude that Defendant has attempted to appeal from an interlocutory order without identifying any substantial right requiring immediate appeal. Accordingly, Defendant's appeal is premature and

**WILFONG v. N.C. DEP'T OF TRANSP.**

[194 N.C. App. 816 (2009)]

should be dismissed. We note that this Court is not dismissing Defendant's appeal as a sanction for a technical violation of Rule 28 of the North Carolina Rules of Appellate Procedure, but for its substantive failure to demonstrate any right to interlocutory appeal.

Appeal Dismissed.

Judge WYNN concurs in the result only.

Judge BRYANT concurs.

Concurred in prior to 31 December 2008.