TYSON, Judge.
Bloomsbury Estates Condominium Homeowners Association, Inc. ("Association") appeals from an order of the trial court, which found Appellant was precluded from litigating the validity of an amendment to a condominium declaration. We dismiss this interlocutory appeal.
I. Background
Bloomsbury Estates ("the Condominium") is a residential condominium in Raleigh. Association is the unit owners' association of the Condominium.
The Condominium was created upon the filing of a "Declaration of Condominium" ("the Declaration") by Bloomsbury, LLC in the Wake County Registry at book 13261 at page 2702 on 13 July 2009. Bloomsbury, LLC ("Declarant") is a North Carolina limited liability company.
Under the terms of the Declaration, the Condominium was to be developed in two phases (respectively, "Phase I" and "Phase II"). Phase I was to consist of fifty-six units in a multi-story building. Phase II was to include up to six additional units in the existing building and up to eighty-five units in a new building.
Section 8 of the Declaration addressed the right to construct Phase II. Section 8 states, in relevant part:
Declarant reserves the following special declarant rights for the Property: (a) To complete, within five years of the recordation of this Declaration of Condominium, any and all improvements indicated on the plat and plans, up to a maximum of 140 Units.
On 25 May 2011, Declarant assigned its declarant rights to another entity, Bloomsbury Estates, LLC ("Developer"), in a written assignment of declarant rights, which is recorded in the Wake County Registry at book 14356, page 2386. Developer is a North Carolina limited liability company in the business of developing and marketing real estate.
The Declaration was amended five times. On 8 March 2013, the fifth amendment (the "Fifth Amendment") to the Declaration was recorded in the Wake County Registry at book 15176, page 1399. The Fifth Amendment, among other things, extended the time in which Developer could construct Phase II until 13 July 2017.
Phase I was completed and all of the individual units within Phase I were sold to third parties, at the latest, by 27 July 2015. On that date, DOT filed a declaration of taking and notice of deposit (the "DOT Action") against Association, Developer, and Wake County. DOT sought to acquire a portion of the Condominium's common area lying outside the building constructed in Phase I.
DOT named Wake County as a defendant in the taking action purportedly because of a lien for unpaid ad valorem taxes Wake County asserted and filed upon the Condominium property.
As a result of the DOT taking, Developer was unable to continue development of Phase II. DOT's construction plans purportedly required a temporary construction easement over portions of the Condominium's common area that allegedly rendered it impossible for Developer to proceed with timely construction of Phase II.
While the DOT Action was pending, on 27 May 2016, Developer filed a complaint against Association and the individual unit owners of the Condominium in an action bearing the file number 15 CVS 16076. In 15 CVS 16076, Developer brought a claim for anticipatory breach of contract based upon representations from Association repudiating Developer's right to develop and construct Phase II until 13 July 2017, the date specified in the Fifth Amendment. Developer also sought a declaration that it retained the right to develop and construct Phase II, and reformation of the Declaration "to extend[ ] its time to develop Phase II by an amount of time equal to the delay caused by the DOT."
On 29 July 2016, Association filed a response to Developer's complaint in 15 CVS 16076, which contained a motion to strike, motions to dismiss, an answer, affirmative defenses and counterclaims. In its response, Association asserted, in part:
(1) the time limit expired within which development rights shall have been exercised pursuant to the Declaration and North Carolina law, and the time limit cannot be extended as a matter of North Carolina law, (2) the [Fifth] [A]mendment was not consented to by the requisite number of unit owners, (3) the [Fifth] [A]mendment was not signed by the requisite number of unit owners, (4) the amendment was not consented to by mortgage holders ...
On 21 June 2017, the parties to the DOT Action entered into a consent judgment that resolved the amount of just compensation funds owed by DOT. The consent judgment did not resolve the issue of the distribution of the just compensation funds as between Developer and Association.
On 3 July 2017, Developer filed a motion for partial summary judgment in 15 CVS 16076. In the motion, Developer invoked the one-year statute of limitations provided in N.C. Gen. Stat. § 47C-2-117(b), a provision of the North Carolina Condominium Act. This section provides, in relevant part, that "No action to challenge the validity of an amendment adopted by the [condominium] association pursuant to this section may be brought more than one year after the amendment is recorded." N.C. Gen. Stat. § 47C-2-117(b) (2017).
Developer's motion was heard on 28 August 2017. On 12 September 2017, the trial court entered an order (the "September 2017 Order") finding that the one-year statute of limitations provided by N.C. Gen. Stat. § 47C-2-117(b) barred Association from challenging the validity of the Fifth Amendment and granted partial summary judgment to Developer in 15 CVS 16076.
On 29 September 2017, Association filed notice of appeal to this Court of the September 2017 Order in 15 CVS 16076. Association voluntarily withdrew its appeal in 15 CVS 16076 on 5 January 2018.
Developer filed a motion pursuant to N.C. Gen. Stat. § 136-108 in the DOT Action on 16 January 2018. Developer asserted the validity of the Fifth Amendment to the Declaration had already been determined by the September 2017 Order in 15 CVS 16076, and that Association was prohibited from re-litigating the validity of the Fifth Amendment based upon the doctrines of issue preclusion and collateral estoppel.
In condemnation actions brought by DOT, N.C. Gen. Stat. § 136-108 (2017) provides:
After the filing of the plat, the judge, upon motion and 10 days' notice by either [DOT] or the owner, shall, either in or out of term, hear and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken, and area taken.
On 11 April 2018, the trial court entered an order on Developer's § 136-108 motion (the " § 136-108 Order"). The § 136-108 Order contained, in part, the following findings:
6. The validity of the Fifth Amendment has been previously litigated between [Developer] and [Association] in a separation action, to-wit: Wake County File 15 CVS 16076. The issue of the validity of the Fifth Amendment was fully litigated in this action and [Association] enjoyed a full and fair opportunity to litigate this issue in this action.
7. In an order filed on September 12, 2016, the Honorable Paul Ridgeway declared and resolved that the Fifth Amendment "is valid and the parties are bound by the rights and obligations contained therein."
8. The issue of the validity of the Fifth Amendment was a necessary ruling and determination for Judge Ridgeway's September 12, 201[7] order.
Based, in part, upon these findings, the trial court ordered "that the [Association] is precluded from re-litigating the issue of the validity of the Fifth Amendment and it is further ordered that the Fifth Amendment is valid and the parties are bound by the rights and obligations contained therein."
Association filed timely notice of appeal of the § 136-108 Order on 9 May 2018. Wake County and DOT take no part in this appeal.
II. Issues
Association argues the trial court erred in granting Developer's § 136-108 Motion and asserts the trial court should not have given the September 2017 Order in 15 CVS 16076 preclusive effect.
III. Jurisdiction
The § 136-108 Order is interlocutory because it did not dispose of the issue regarding the distribution of the just compensation funds as between Developer and Association. Association concedes its appeal is interlocutory.
An interlocutory order or judgment is "made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (citation omitted), reh'g denied , 232 N.C. 744, 59 S.E.2d 429 (1950). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." Goldston v. American Motors Corp ., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). There are two exceptions to this rule: "For appellate review to be proper, the trial court's order must: (1) certify the case for appeal pursuant to N.C. R. Civ. P. 54(b) ; or (2) have deprived the appellant of a substantial right that will be lost absent review before final disposition of the case." Bessemer City Express v. City of King's Mountain , 155 N.C. App. 637, 639, 573 S.E.2d 712, 714 (2002) (citing N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) (2001) ), disc. review denied , 357 N.C. 61, 579 S.E.2d 384 (2003).
Although some interlocutory appeals from orders determining title to property or area taken pursuant to N.C. Gen. Stat. § 136-108 are mandatory in that appeal must be taken immediately, the order on appeal here does not involve an issue of title or area taken. See Stanford v. Paris, 364 N.C. 306, 312, 698 S.E.2d 37, 41 (2010) ("This Court has said that in condemnation cases, after a hearing pursuant to N.C.G.S. § 136-108, appeal of an issue affecting title to land or area taken by the State is mandatory and the interlocutory appeal must be taken immediately.").
"The holding that appeal of an interlocutory order affecting title to land and area taken is mandatory is in the context of condemnation cases." Stanford , 363 N.C. at 312, 698 S.E.2d at 41. Not every interlocutory order in a condemnation case is subject to a mandatory appeal, and in these cases, an appellant still must show a substantial right to an immediate appeal. See Wilfong v. N.C. Dep't of Transp., 194 N.C. App. 816, 670 S.E.2d 331 (2009) (dismissing appeal of interlocutory order entered pursuant to N.C. Gen. Stat. § 136-108 ). Here, there is no longer any dispute concerning the title to the property or the area taken, and the issue of just compensation has already been determined. The remaining dispute here is how to divide the compensation between Developer and Association.
The trial court did not certify the § 136-108 Order for immediate appeal pursuant to Rule 54(b). See N.C. Gen. Stat. § 1A-1, Rule 54(b) (2017). Association is required to show the § 136-108 Order affects a substantial right. Bessemer City, 155 N.C. App. at 639, 573 S.E.2d at 714. To establish that a court order affects a substantial right, Association must show that "the right itself [is] substantial; and ... the deprivation of that substantial right ... potentially work[s] injury to the party if not corrected before appeal from final judgment." Id . at 639, 573 S.E.2d at 714 (citation, quotation marks, and brackets omitted).
The Supreme Court of North Carolina has held that "a substantial right is 'a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which [one] is entitled to have preserved and protected by law: a material right.' " Gilbert v. N.C. State Bar , 363 N.C. 70, 75, 678 S.E.2d 602, 605 (2009) (alteration in original) (quoting Oestreicher v. Am. Nat'l Stores, Inc. , 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976) ).
An appellant bears the burden of showing an appeal is properly before this Court. Johnson v. Lucas , 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, aff'd per curiam , 360 N.C. 53, 619 S.E.2d 502 (2005). Rule of Appellate Procedure 28 requires an appellant's brief to contain:
A statement of the grounds for appellate review. Such statement shall include citation of the statute or statutes permitting appellate review. When an appeal is based on Rule 54(b) of the Rules of Civil Procedure, the statement shall show that there has been a final judgment as to one or more but fewer than all of the claims or parties and that there has been a certification by the trial court that there is no just reason for delay. When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.
N.C. R. App. P. 28(b)(4) (emphasis supplied). "Our Supreme Court has [also] held that noncompliance with 'nonjurisdictional' rules such as Rule 28(b) 'normally should not lead to dismissal of the appeal.' " Larsen v. Black Diamond French Truffles, Inc ., 241 N.C. App. 74, 772 S.E.2d 93, 95 (2015) (quoting Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., Inc. , 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008) ). "However, when an appeal is interlocutory, Rule 28(b)(4) is not a 'nonjurisdictional' rule." Larsen , 241 N.C. App. at 77, 772 S.E.2d at 96 (emphasis supplied). "Rather, the only way an appellant may establish appellate jurisdiction in an interlocutory case (absent Rule 54(b) certification) is by showing grounds for appellate review based on the order affecting a substantial right." Id. (emphasis in original).
"The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate why the order affects a substantial right ." Hoke Cty. Bd. of Educ. v. State , 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009) (emphasis supplied) (citation omitted). " 'Where the appellant fails to carry the burden of making such a showing to the [C]ourt, the appeal will be dismissed.' " Id . (alteration in original) (quoting Johnson , 168 N.C. App. at 518, 608 S.E.2d at 338 ).
In arguing whether the § 136-108 Order affects a substantial right, and whether this Court has jurisdiction to hear the appeal, Association merely asserts in its principal brief: "Judge Collins' 11 April 2018 Order, finding that the parties were precluded from litigating the issue of the validity of the 5th Amendment in the DOT action, affected a substantial right and is immediately appealable to this court pursuant to N.C. Gen. Stat. § 7A-27(b)(3)" under its statement of grounds for appellate review. N.C. Gen. Stat. § 7A-27(b)(3) (2017) provides, in relevant part "appeal lies of right directly to the Court of Appeals in any of the following cases: ... [f]rom any interlocutory order or judgment of a superior court or district court in a civil action or proceeding that ... [a]ffects a substantial right."
In its brief, Association fails to assert what substantial right was affected by the § 136-108 Order, nor does it advance any argument to show how any "deprivation of [any] substantial right ... potentially work[s] injury to [it] if not corrected before appeal from final judgment." Bessemer City , 155 N.C. App. at 639, 573 S.E.2d at 714 ; see Peters v. Peters , 232 N.C. App. 444, 448, 754 S.E.2d 437, 440 (2014) ("Defendant fails to offer any legal reason that the trial court's order affects a substantial right. Instead, she simply asserts that it does.").
Developer notes in a footnote contained within its appellee brief that: "Defendant-Appellee Bloomsbury Estates, LLC concurs with Defendant-Appellant that this appeal affects a substantial right and is immediately appealable pursuant to N.C. Gen. Stat. § 7A-27(b)(3)."
Although Developer may agree with Association that this appeal affects a substantial right, this Court has recognized:
[A]n order [is not] appealable because all the parties wish to have it appealed. The parties cannot by consent confer jurisdiction of a non-appealable interlocutory order upon the appellate courts. See Wiggins v. Pyramid Life Insurance Co. , 3 N.C. App. 476, 478, 165 S.E.2d 54, 56 (1969) ("Jurisdiction cannot be conferred by consent where it does not otherwise exist ...." (citation omitted)).
Ford v. Mann , 201 N.C. App. 714, 717, 690 S.E.2d 281, 283 (2010). Developer's agreement with Association's assertion that this appeal affects a substantial right does not relieve Association of its burden as the appellant to argue or "demonstrate why the [appealed] order affects a substantial right." Hoke Cty. Bd. of Educ., 198 N.C. App. at 278, 679 S.E.2d at 516 (citation omitted) (emphasis in original).
Additionally, Developer does not present the substantial right it agrees Association's appeal affects nor how the § 136-108 Order "potentially work[s] injury to [any substantial right] if not corrected before appeal from final judgment." Bessemer City, 155 N.C. App. at 640, 573 S.E.2d at 714.
Association presents its argument for why the § 136-108 Order affects a substantial right for the first time in its reply brief. Regarding the substantial right it asserts was affected, Association states:
The Association maintains its position that [the September 2017] Order was interlocutory. However, the Association urges this Court to find that incorporation of [the September 2017] Order into [the § 136-108 Order] affects a substantial right because incorporation precludes the Association from litigating the validity of the Fifth Amendment in the underlying DOT action.
Concerning the irreparable injury it alleges it will suffer unless this Court grants immediate appeal, Association states: "Additionally, the Association will suffer irreparable injury unless this Court reviews [the September 2017 Order] because said Order effectively sets the amount of distribution funds to be awarded to the Association."
Rule of Appellate Procedure 28 provides, in relevant part: "Any reply brief which an appellant elects to file shall be limited to a concise rebuttal of arguments set out in the appellee's brief and shall not reiterate arguments set forth in the appellant's principal brief." N.C. R. App. P. 28(h). Association has utilized its reply brief to exceed the scope of matters permitted by Appellate Rule 28. Developer did not present any argument to challenge whether this Court had jurisdiction to hear Association's appeal in its appellee brief.
This Court has consistently held "[a] reply brief does not serve as a way to correct deficiencies in the principal brief." Larsen, 241 N.C. App. at 78, 772 S.E.2d at 96 (citation omitted). We reject Association's new arguments for appellate review it raised for the first time in its reply brief. See id. at 79, 772 S.E.2d at 96 ("we will not allow [appellants] to correct the deficiencies of their principal brief in their reply brief. Because it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal, and [appellants] have not met their burden, [the] appeal must be dismissed.").
In Wilfong , the appellant sought to appeal from a trial court's interlocutory order entered pursuant to N.C. Gen. Stat. §§ 136-108 and 136-111. 194 N.C. App. at 817, 670 S.E.2d at 332. In its brief, the appellant merely asserted as grounds for appellate review "that because a 'threshold issue at the preliminary hearing was whether there had been a taking by NCDOT' the trial court's 'ruling clearly affected a substantial right.' " Id. at 818, 670 S.E.2d at 333.
This Court stated "[appellant] fails to identify what right is at issue or why any substantial right would be jeopardized without immediate review of the trial court's order." The Court dismissed the appeal on its own motion. Id.
Here, Association has failed to carry its burden in its principal brief to identify what substantial "right is at issue or why any substantial right would be jeopardized without immediate review." Id . Association improperly attempted to correct these deficiencies by asserting new arguments and grounds for appellate review in its reply brief that were not in response to any arguments or contentions raised in Developer's brief. We will not consider the new arguments for appellate review raised in Association's reply brief. Larsen , 241 N.C. App. at 78, 772 S.E.2d at 96.
"It is well established in this jurisdiction that if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." Bailey v. Gooding , 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980) (citations omitted). Association failed to meet its burden to show what substantial right is affected by the § 136-108 Order, or what substantial right would be jeopardized absent immediate appellate review. See Wilfong , 194 N.C. App. 818, 670 S.E.2d at 333. We dismiss Association's interlocutory appeal ex mero motu . See Bailey , 301 N.C. at 208, 270 S.E.2d at 433.
III. Conclusion
Association voluntarily withdrew its appeal of the September 2017 Order entered in 15 CVS 16076. In this purported appeal, the § 136-108 Order was not certified as immediately appealable under Rule 54(b). Association failed to meet its burden in its principal brief to show why it affects a substantial right or to demonstrate what substantial right would be jeopardized absent immediate review by this Court. Association impermissibly attempted to correct its failure by raising new arguments in its reply brief, in violation of Appellate Rule 28(h). Association's interlocutory appeal is dismissed. It is so ordered .
DISMISSED.
Report per Rule 30(e).
Judges STROUD and ARROWOOD concur.